30847.   LUNSFORD *v.* THE STATE.

DECIDED JULY 14, 1945.

H. A. Allen, Gertrude Harris, Carl B. Copeland, for plaintiff in error.

Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye, contra.

BROYLES, C. J. (After stating the foregoing facts.) The Code, § 27-506, provides: "No professional bondsman, becoming surety on a criminal bond and receiving the compensation in the case for signing said bond as surety, or his agent or employee, shall thereafter receive any other sum in the case to the final disposition of the same;" and section 27-9903 declares that a violation of the above-quoted section shall be punished as for a misdemeanor. And it is well settled that any person who aids or abets another in the commission of a misdemeanor is guilty as a principal. The evidence, direct and circumstantial, authorized the jury to find that R. S. Campbell was fined $52 in the recorder's court of Atlanta; that he employed Mobley and Lunsford, professional bondsmen, to sign for him a certiorari bond; that he paid them, or their agents, the compensation for such signing, and thereafter paid them $45 to go on the payment of his fine; that his fine had been reduced, without his application or knowledge, to $25, and that no money had been returned to him by anybody.

It is true that only Mobley signed the certiorari bond as surety. The State introduced in evidence an agreement between Mobley and Lunsford, dated February, 1937, in which it was stated that on said date their partnership "is being dissolved," and that Lunsford "is this day withdrawing from said partnership," and that Mobley "is continuing said business." "The proceeds of said business is to be used in the payment of all costs and forfeitures on past or new business, before fi. fas. are issued; second, all office expenses, including a drawing account to said Mobley; third, in payment of taxes; fourth, $150 per month to Lunsford for the use of said property. *The remaining profits, if any, to be divided equally between the said Mobley and Lunsford.* The taxes are to be returned by and in the name of Mobley. The rentals are to be the property of and collected by Lunsford. The repairs on said property are to be made and paid for by Lunsford. The business is to be conducted by, and in the name of, R. F. Mobley. Lunsford is to have no connection with said business, not a partner in said business. The amount heretofore designated as the amount to be paid to him is not paid to him as a partner in said business, but as a rental for the use of his property." (Italics ours.) It is strongly contended by counsel for the plaintiff in error that under said agreement Lunsford was not a partner with Mobley and had no connection with the signing of Campbell's certiorari bond. The agreement might possibly have authorized the acquittal of Lunsford in the trial court; but it was ambiguous and very unusual, and we think that the jury were authorized, under all the facts of the case, to find that the agreement was a mere scheme and device to permit Lunsford to participate in the profits of the business, allegedly carried on by Mobley only, and to escape punishment for any violation of law in connection therewith. Furthermore, the evidence authorized the jury to find that Campbell paid some of the $45 to Lunsford himself, and paid the rest of that amount to Mobley and certain employees of the partnership. "Under statutes positively forbidding certain acts irrespective of the motive or intent of the actor, a principal or master may be criminally liable for his agent's or employee's act done within the scope of his employment." 22 C. J. S. 150, § 84. The defendant introduced no evidence, but made a statement to the jury, which evidently was rejected by them.

In our opinion, the verdict was authorized by the evidence; and the overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*